**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TYRONE SMITH,

        Petitioner,

    v.

CRAIG CONWAY, et al.,

        Respondents.

Civil Action No. 10-1097 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

Before this Court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Tyrone Smith ("Smith"). Smith challenges a judgment of conviction entered in the Superior Court of New Jersey, Union County ("trial court"), on July 14, 2003, and amended for resentencing on March 27, 2007. A jury found him guilty of several criminal charges relating to the sexual molestation of three boys who were between the ages of 11 and 13 at the time of the assaults. After filing this petition, Smith filed another § 2254 petition in this district challenging the same conviction, which was assigned to the Hon. Kevin McNulty. Judge McNulty construed that petition as a motion to amend the petition in this case, and directed that it be refiled here. *See Smith v. Hastings*, No. 13-3750, 2013 WL 6054910 (D.N.J. Nov. 14, 2013). For the reasons expressed below, the Court will grant Smith's motion to amend the petition, and dismiss the petition, so amended, without prejudice for failure to exhaust state court remedies. The Court will not issue a certificate of appealability.

Based on this outcome, and as more fully explained below, Smith will be left with the following two options, subject to compliance with the one-year statute of limitations.   He may file a new § 2254 petition in this Court, prior to the expiration of the statute of limitations on May 5, 2014, that excludes the unexhausted ground, in which case, Smith would be abandoning this ground.   In his new petition, he may also clarify the exhausted grounds and include additional exhausted grounds.   Alternatively, Smith may file a second petition for post-conviction relief in the state trial court, prior to May 5, 2014, that presents the unexhausted ground raised in the present petition, as amended, to all three levels of the New Jersey courts.

## I.  BACKGROUND

The charges in this case arose from allegations that while working as a football coach for the Police Athletic League, Smith molested three boys on numerous occasions.   After a 12-day trial in the state court, a jury found him guilty of five counts of first-degree aggravated sexual assault, three counts of second-degree sexual assault, two counts of third-degree endangering the welfare of a child, one count of fourth-degree criminal sexual contact, and one count of fourth-degree aggravated criminal sexual contact.   On July 14, 2003, the trial court imposed an aggregate prison term of 59 years.   Smith appealed, raising seven grounds.   On January 24, 2007, the Appellate Division affirmed the convictions but, relying on *State v. Natale*, 184 N.J. 458 (2005), remanded for resentencing, holding that the sentences on the convictions for first-degree aggravated sexual assault violated the Sixth Amendment under *Blakely v. Washington*, 542 U.S. 296 (2004).   *See State v. Smith*, No. A-0815-03, 2007 WL 162219 (App. Div. Jan. 24, 2007), *certif. denied*, 192 N.J. 296 (2007).   Following remand, on March 27, 2007, the trial court

2

resentenced Smith to an aggregate term of 57 years.   On July 23, 2007, the New Jersey Supreme Court denied certification.

Smith filed his first state petition for post-conviction relief ("PCR") in the trial court on March 6, 2007.   *See State v. Smith*, No. A-0209-10, 2012 WL 4036697, at *2 (App. Div. Sept. 14, 2012).   He filed a motion for a new trial on March 26, 2007, and a motion for reconsideration on April 22, 2007.   After conducting an evidentiary hearing, the trial court denied relief in an opinion filed on February 25, 2010.   Smith appealed, and on September 14, 2012, the Appellate Division affirmed.   *See id.*   On May 2, 2013, the New Jersey Supreme Court denied certification.   *State v. Smith*, 213 N.J. 535 (table).

In the meantime, while Smith was waiting for the trial court to rule on his first PCR petition, he filed the first of three § 2254 petitions challenging his conviction in this Court.   He raised the following grounds: (1) ineffective assistance of trial, appellate, and PCR counsel; (2) prosecutorial misconduct; (3) judicial misconduct; and (4) cumulative error.   *See Smith v. Goodwin*, No. 08-5109, 2009 WL 2488354, at *2 (D.N.J. Aug. 11, 2009).   This first § 2254 petition was assigned to Judge Cavanaugh and docketed as Civil Action No. 08-5109.   On August 11, 2009, Judge Cavanaugh dismissed the petition without prejudice for failure to exhaust state court remedies, finding that "[a]t the very least, Petitioner has not raised before the state's highest court his claims regarding ineffective assistance of counsel, claims that are pending [ ] before the trial court."   *Id.* at *4.   Judge Cavanaugh declined to grant a stay, primarily because Smith did not face a statute of limitations problem that required a stay.   *Id.* at *4-5.

On or about March 2, 2010, Smith filed a second § 2254 petition [D.E. 1], which is the subject of this opinion.   He raises two grounds - that the sentence "is excessive and possibl[y]

3

illegal," and that the trial judge committed judicial misconduct.  (D.E. 1 at 5.)  As factual support

for the first ground, he states that the jury verdict sheets show that counts 30 and 32 "were not

marked either guilty or not guilty"; that the sentence is "possibly illegal under Assimilative

[C]rimes Act"; that there is no time limit to correct an illegal sentence; and that the trial court

violated due process and his right to trial by jury by finding "Mr. Smith to have committed treason"

and "to have had supervisory [sic] and stood in parentis loco."  (Id.)

> As factual support for ground two, charging judicial misconduct, Smith states:
>
> Judge Scott J. Moynihan conspired to violate my civil, state and federal rights by
> den[y]ing defendant['s] right to a fair trial, and his right to post conviction relief
> . . . and kidnapping . . .  The judge t[h]reaten[ed] the petitioner on several occasions
> such as "Your case will never become law because I won't let it" and also "If you
> tell anybody about the fake trial agreement you'll die in prison.["]  The judge
> refused to let people testify on the defendant['s] behalf.  He tampered with the
> witness list.  He refused to allow testimony even after the so called vict[i]ms
> opened the door [and] "th[ei]r own testimon[]y [showed] that they were drug
> dealers" but the defen[s]e could not cross exam[ine] on this issue.

(Id.)

On May 6, 2010, this Court issued an order notifying Smith of the consequences of filing

a § 2254 petition, as required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (D.E. 2.) The

*Mason* order noted that Smith had filed a prior § 2254 petition, and that "[t]o the extent you seek

to assert here any additional claims asserted in *Smith v. Goodwin*, Civil No. 08-5109, you must file

an amended petition in this action asserting <u>all</u> of the claims you intend to assert, subject to the

one-year limitations period."  (D.E. 2 at 2 (emphasis in original).)

On or about June 2, 2010, Smith filed several signed documents in this action, which are

to a great extent incomprehensible.  In one document labeled "Order Amended Petition," Smith

states that he has chosen to have his petition ruled upon "as filed" because Judge Moynihan "has

conspired to violate my civil, state and federal rights." (D.E. 4 at 1.) Smith further states that Judge Moynihan "choreographed [his] entire trial from start to finish[, including] a fake ev[i]dent[i]ary hearing." (*Id.*) Smith attached several exhibits to this filing. The next document is labelled "Motion for Correction of Illegal Sentence Pursuant to N.J.C.R. 3:22-4(a) & (b) et seq." (D.E. 5 at 1.) In this document, Smith states that Judge Moynihan denied his PCR petition on February 24, 2010; he asserts in "Point II" that his conviction "must be vacated because of judicial and prosecutorial misconduct." (*Id.* at 2.)

Smith also filed a third document labelled "Notice and Order Amended Petition." (D.E. 6 at 1.) In this document, Smith asks the Court to accept the amended parts of the petition. He states that his public defender, the prosecutor, and Judge Moynihan conspired to violate his federal rights and to deny him "due process to an appeal." (*Id.*) Pages two through seven of this document are incomprehensible. On the eighth page, Smith sets forth what he describes as "Point I" and "Point II." (*Id.* at 8.) In Point I, he states that post-conviction relief is a defendant's "last opportunity to raise [a] constitutional challenge to the fairness and reliability of a criminal verdict," and that the petition should include all issues found by counsel, as well as those "petitioner wishes advanced." (*Id.*) In Point II, he states that "counsel failed to properly argue at sentencing, with the result being that the sentence is excessive and possibly illegal." (*Id.*)

On October 27, 2010, this Court issued an order to answer [D.E. 7], which construed the "Notice and Order Amended Petition" as Smith's supplemental petition. On December 24, 2010, the State filed an answer [D.E. 15] arguing that Smith's challenge to his sentence does not assert a federal ground and, to the extent that he raises a federal claim challenging the sentence, the

federal ground was not exhausted; that Smith's judicial misconduct claim had not been exhausted; and that he had not satisfied the standard for establishing an ineffective assistance of counsel claim.

On June 11, 2013, Smith signed and handed to prison officials for mailing to the Clerk a third § 2254 petition challenging the same judgment of conviction.  *See Smith v. Hastings*, Civ. No. 13-3750.  This is the petition that was assigned to Judge McNulty.  The State filed a motion to transfer the matter to the Third Circuit as an application to file a second or successive § 2254 petition.  On November 14, 2013, Judge McNulty denied the motion to transfer and, as indicated earlier, construed Smith's new petition as a motion to amend the § 2254 petition pending before this Court.

On November 14, 2013, the Clerk filed Smith's third § 2254 petition as a motion to amend his § 2254 petition before the undersigned.  (D.E. 17.)  The State did not oppose the motion, in which Smith seeks to raise three additional grounds for habeas relief.  He claims that trial and appellate counsel were ineffective, in that trial counsel "lied under oath at the evident[i]ary hearing to keep [Smith] from receiving a fair hearing" and "lied about not being able to find anybody to testify at trial." (*Id.* at 6.)  Smith reasons that, "if [counsel] lied to his client he could not be helping his client win trial.  He could only be working to conspire against his client." (*Id.*)  Second, Smith argues that the prosecutor "solicited perjured testimony during trial and [during the] evident[i]ary hearing[,] tampered with the grand jury transcripts[, and] conspired to violate [Smith's] civil rights during all appeals." (*Id.* at 8.)  Third, Smith again raises a "judicial misconduct" claim, asserting that the "trial judge conspired to violate [his] civil, federal and constitutional rights thr[ough] a series of lies.  [The] trial court had proofs that [the] prosecutor,

6

and trial attorney were lying th[r]oughout trial but yet agreed with them on facts of [the] case that were not true."  (*Id.* at 9.)

## II.  DISCUSSION

### A.    Amendment

By statute, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  The civil rule on amended pleadings, Federal Rule of Civil Procedure 15(a)(1), provides that a party may amend his pleading once as a matter of course within 21 days after service of a responsive pleading.  As the State filed its answer in this case more than 21 days before Smith filed his motion to amend, Smith may not amend his § 2254 petition as of right.  Rule 15(a)(2) provides that when amendment as a matter of course is not allowed, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Supreme Court has indicated that leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *United States v. Duffus,* 174 F.3d 333, 337 (3d Cir. 1999).  Amendment is futile if "that claim would not be able to overcome the statute of limitations."  *Anderson v. Bondex Int'l, Inc.*, No. 10-2306, 2014 WL 44015 (3d Cir. Jan. 7, 2014) (non-precedential) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001)); *see also Duffus*, 174 F.3d at 337 (holding that amendment of habeas petition should not be permitted if "it would have frustrated the intent of Congress that claims . . . be advanced within one year after a judgment of conviction becomes final").

7

In this case, Smith's one-year statute of limitations began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Because the New Jersey Supreme Court denied certification of Smith's direct appeal on July 23, 2007, the time for seeking review by the United States Supreme Court expired 91 days later on October 22, 2007.  *See* Sup. Ct. R. 13.  However, Smith filed his first PCR petition on March 6, 2007, *see State v. Smith*, 2012 WL 4036697, at *2, and "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  Accordingly, because his first PCR petition was filed before his time for seeking New Jersey Supreme Court review expired, the one-year statute of limitations was tolled from October 22, 2007, until May 2, 2013, the date on which the New Jersey Supreme Court denied certification of the Appellate Division's order affirming the Law Division's denial of Smith's PCR petition.  *See State v. Smith*, 213 N.J. 535 (2013) (table).  Smith's one-year statute of limitations did not begin to run until May 3, 2013, and will not expire until May 5, 2014.  Therefore, this Court will allow Smith to amend the § 2254 petition to raise the grounds presented in his third § 2254 petition because the statute of limitations has not yet expired, the State has not opposed the motion to amend, and there is no evidence of undue delay, bad faith, dilatory motive, or any repeated failure to cure deficiencies by amendment.

Having granted his motion to amend, the Court concludes that Smith raises a total of four grounds for relief through his § 2254 petition, his supplemental petition discussed above [D.E. 6], and the amended petition [D.E. 17]:[1]

Ground One:  "The sentence imposed by the court is excessive and possibly illegal."[2]  (D.E. 1 at 5.)

Factual support:  "Here in this matter the trial judge said I find Mr. Smith to have committed treason.  Also he said he found Mr. Smith to have had supervisory and stood in parentis loco.  Neither fact w[as] found by the jury[,] violating due process of right to trial by a jury."  (Petition, Ground One, D.E. 1 at 5.)

Ground Two:  "Judicial Misconduct."  (D.E. 1 at 5.)

Factual support:  "Judge Scott J. Moynihan conspired to violate my civil, state and federal rights by den[y]ing defendant right to a fair trial, and his right to post conviction relief . . . [.]  The judge t[h]reaten[ed] the petitioner on several occasions such as 'Your case will never become law because I won't let it' and also 'If you tell anybody about the fake trial agreement you'll die in prison.[']  The judge refused to let people testify on the defendant[']s behalf[,] he tampered with the witness list[,] he refused to allow testimon[]y even after the so called vict[i]ms opened the door 'their own testimon[]y that they were drug dealers' but the defen[s]e could not cross exam[ine] on this issue."  (Petition, Ground Two, D.E. 1 at 5.)  The "trial judge conspired to violate [his] civil, federal and constitutional rights thr[ough] a series of lies.  Trial court had proofs that [the] prosecutor, and [his] trial attorney were lying t[h]roughout trial but yet agreed with them on facts of [the] case that were not true."  (D.E. 17 at 9.)

Ground Three: "Ineffective Assistance of Trial and Appellate Counsel."  (D.E. 6 at 8; D.E. 17 at 6.)

---

[1] Given the heightened pleading requirements for a § 2254 petition and the exhaustion requirement, this Court declines to construe Smith's amended § 2254 petition as raising claims beyond those he has presented as "grounds" for relief.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements."); 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2) (requiring a § 2254 petition to "specify all the grounds for relief available to the petitioner" and to "state the facts supporting each ground").

[2] While Smith capitalizes all the characters in his listing of grounds, in order to improve readability, the Court uses standard capitalization throughout this section.

9

Factual Support:   Trial counsel was ineffective in "fail[ing] to properly argue at sentencing, with the result being that the sentence is excessive and possibly illegal." (Supplemental Petition, D.E. 6 at 8.)   In addition, counsel lied "at the evidentiary hearing" about A.H.'s testimony before the grand jury and about his "not being able to find anybody to testify at trial."   (D.E. 17 at 6.)

Ground Four:   "Prosecutorial Misconduct."   (D.E. 17 at 8.)

Factual Support:   "[The] prosecutor solicited perjured testimon[]y during trial and evident[i]ary hearing[,] tampered with the grand jury transcripts[,] conspired to violate my civil rights during all appeals[.]"   (D.E. 17 at 8.)

B.   <u>Exhaustion</u>

The State raises failure to exhaust state court remedies as an affirmative defense.   Prior to reviewing the merits of federal claims in a § 2254 petition, a district court is required to consider the issue of exhaustion.   *See* 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *Rhines v. Weber*, 544 U.S. 269 (2005); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).   Section 2254 provides that a writ "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B).   Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).   "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." *Baker v. Ricci*, No. 09-3654, 2013 WL 4833415, at *5 (D.N.J. Sept. 9, 2013) (McNulty, J.) (quoting *Lambert*, 134 F.3d at 513-14).

10

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).   To exhaust, a petitioner in the custody of the State of New Jersey must fairly present his federal claims to the state trial and appellate courts, and to the New Jersey Supreme Court.  *See Baker*, 2013 WL 4833415, at *5.   "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  *Rainey v. Varner*, 603 F. 3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).

Here, Smith did exhaust his challenge to his sentence ("Ground One"), as he presented his *Blakely* claim on direct appeal.  He did not exhaust his judicial misconduct claim ("Ground Two"), as he did not raise the claim on direct appeal[3] or on appeal from the order denying his first PCR petition.[4]  Smith exhausted his final two grounds, as he presented his ineffective assistance

---

[3] On direct appeal, Smith raised the following grounds in the brief filed by counsel and in his *pro se* supplemental brief: (1) failure to instruct the jury on supervisory or disciplinary power and *in loco parentis* deprived Smith of a fair trial; (2) preclusion of evidence deprived Smith of his constitutional right to present a defense; (3) prosecutorial misconduct deprived Smith of due process; (4) the imposition of consecutive sentences above the presumptive terms violated his Sixth Amendment and due process rights; (5) the imposition of consecutive sentences violated *State v. Yarbough*, 100 N.J. 627 (1985); (6) the trial court abused its discretion in imposing an aggregate 59-year sentence; (7) the trial court abused its discretion by failing to order individual voir dire and failing to order a mistrial based on the prejudice resulting from the newspaper article read by juror #6 and left in the jury room.  *Smith*, 2007 WL 162219, at *1-2.

[4] On appeal from the order denying PCR, Smith raised the following grounds through counsel: (1) trial counsel was ineffective in failing to conduct an adequate investigation, failing to consult with Smith in a meaningful manner, failing to establish that Smith had a scar which the victims did not mention in their testimony, failing to object to the jury charge, failing to file pretrial motions requested by Smith, failing to file a motion to sever, and failing to move to dismiss the indictment on speedy trial grounds; (2) additional

of counsel ground on appeal from the order denying PCR, and he presented his prosecutorial misconduct ground on direct appeal.   Because Smith's amended petition includes one unexhausted ground, this Court is statutorily precluded from granting a writ, unless the failure to exhaust is excused.   *See* 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Lambert*, 134 F.3d at 513; *Baker*, 2013 WL 4833415, at *5.

C.   <u>Procedural Default</u>

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."[5]   28 U.S.C. § 2254(b)(1)(B)(i).   If Smith's judicial misconduct claim had been denied by the state courts because he failed to raise it in accordance with state procedural rules, then the state court's ruling may have been said to rest upon "an independent and adequate state ground" – independent, that is, of any federal constitutional infirmity.   *Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).   Thus, "absent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate

---

trial errors require reversal of the conviction; (3) cumulative errors deprived Smith of due process; and (4) Smith's claims are not procedurally barred.   *Smith*, 2012 WL 4036697, at *2-3.   In a *pro se* supplemental brief, Smith argued that his pretrial attorney was ineffective for various reasons and had a conflict of interest, that appellate counsel was ineffective, and that the State's failure to counter certain factual assertions should be deemed a concession of those assertions.   *Smith*, 2007 WL 162219, at *3.

[5] Section 2254(b)(1)(B)(ii) also excuses failure to exhaust where "circumstances exist that render [the state corrective] process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b)(1)(B)(ii).   Here, Smith's failure to exhaust is not excused under this provision because nothing presented to this Court suggests that New Jersey's appellate review procedures are inadequate to adjudicate his federal claim.

state procedural grounds." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (citations and internal quotation marks omitted). However, where the petitioner "ha[s] not pointed to any New Jersey case clearly showing he is precluded form relief . . . the better practice allows a New Jersey court – not a federal court – the first opportunity to address the question of procedural default under New Jersey law." *Baker*, 2013 WL 4833415, at *10 (quoting *Toulson v. Beyer*, 987 F.2d 984, 988 (3d Cir. 1993)).

Here, the State contends without elaboration that Smith's unexhausted ground is procedurally defaulted. Consistent with holdings in this district, this Court will not predict that the New Jersey courts would refuse to entertain Smith's unexhausted judicial misconduct claim. *See Kearney v. Unknown Warden*, No. 13-3243, 2014 WL 809202, at *2 (D.N.J. Feb. 28, 2014) (Cecchi, J.); *Baker*, 2013 WL 4833415,at *6-11; *McDaniel v. Warren*, No. 13-2102, 2012 WL 3061169, at *3 (D.N.J. July 25, 2012) (Sheridan, J.). No New Jersey court has found that Smith is procedurally barred from presenting that claim, so state court review of the claim is not clearly foreclosed. The Court does not find that the claim is procedurally defaulted.

D.    Disposition

When faced with a petition that contains an unexhausted ground, a district court has several options. It can (1) stay the petition pending the outcome of state proceedings; (2) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2); (3) dismiss the petition without prejudice as not fully exhausted; or (4) allow the petitioner to delete the unexhausted claims and to proceed to a federal decision on the merits of the exhausted claims. *See Rhines*, 544 U.S. at 277-78; *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011) (per curiam) (non-precedential).

13

In *Rhines*, the Supreme Court held that a district court has the authority to stay a § 2254 petition which contains an unexhausted federal claim "to allow the petitioner to present his unexhausted claim[] to the state court in the first instance, and then to return to federal court for review of his perfected petition."   544 U.S. at 271-72.   The *Rhines* Court reasoned that granting a stay was a proper exercise of discretion in that case because, "if the District Court . . . had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court."   *Id.* at 275; *see also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* also applies to a request to stay § 2254 petition which contains only unexhausted claims).   "In determining whether a stay should be granted, a Court must consider three main factors:   a showing of good cause, the presence of potentially meritorious claims, and the presence or absence of intentionally dilatory tactics." *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) (non-precedential) (citing *Rhines*, 544 U.S. at 277-78).

As to Option 1 (granting a stay), Smith has not requested a stay, nor has he shown good cause for failing to exhaust the judicial misconduct claim and the absence of intentionally dilatory tactics.   *See Rhines,* 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."); *Ellison v. Rogers,* 484 F.3d 658, 662 (3d Cir. 2007) (holding that "District Court did not abuse its discretion by not granting Ellison a stay and abeyance because he did not have good cause for his failure to exhaust")   Furthermore, if this Court dismisses Smith's amended petition without prejudice as unexhausted, Smith still has over a month left on his one-year statute of limitations,

14

which will not expire until May 5, 2014.   Under these circumstances, the entry of an order staying Smith's § 2254 petition is not necessary to prevent Smith's subsequent fully exhausted petition from being barred by the statute of limitations.   *See Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) (per curiam) (non-precedential) ("Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a . . . habeas petition to allow complete exhaustion in state court").   Finally, because Smith's amended § 2254 petition does not clearly articulate his available grounds or include all the grounds he presented on direct appeal and on appeal from the order denying his PCR petition, the better course is to deny a stay. For all of these reasons, this Court exercises its discretion not to stay the § 2254 petition, as amended.

Option 2 (denying the unexhausted claim on the merits) is proper only if the unexhausted claim is plainly without merit.   Given the care the Court has extended in this case to disentangle all of Smith's various applications, it will not dismiss that claim out of hand.   However, this Court notes that to the extent that Smith alleges there was judicial misconduct during state post-conviction proceedings that violated due process, such a claim is not a proper basis for habeas relief.   *See Abu-Jamal v. Horn*, 520 F.3d 272, 297 (3d Cir. 2008) (holding that claim of judicial bias in post-conviction proceeding is not a cognizable ground under § 2254), *vacated and remanded on other grounds sub nom. Beard v. Abu-Jamal*, 558 U.S. 1143 (2010); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum . . . to pursue claims of error at the PCRA proceeding. . . . It is the original trial that is the 'main event' for habeas purposes.").

15

That leaves Option 3 (dismissal of the petition without prejudice because it is a mixed petition including an unexhausted claim) and Option 4 (exclude the unexhausted judicial misconduct ground and pursue only exhausted grounds by way of a new § 2254 petition).   This Court will dismiss the amended § 2254 petition without prejudice as unexhausted.   This will leave Smith free to choose, **prior to expiration of the statute of limitations on May 5, 2014,** either to (a) exclude his unexhausted judicial misconduct ground and hand to prison officials for mailing to the Clerk of this Court a new § 2254 petition, which includes only exhausted grounds;[6] or (b) file a second petition for post-conviction relief in state court that includes the unexhausted judicial misconduct ground, and, if appropriate, thereafter present this ground to all three levels of the New Jersey courts, and then file a new fully exhausted petition in this Court prior to expiration of the statute of limitations.[7]

E.    Certificate of Appealability

The Court will not issue a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).   *See Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003).

---

[6] If Smith chooses to exclude the unexhausted ground from his new petition, then he will be abandoning this ground.   This new § 2254 petition, which must be handed to prison officials for mailing to the Clerk on or before May 5, 2014, may also clarify the three exhausted grounds and include additional exhausted grounds that were not set forth in the instant amended petition.

[7] In choosing which option to pursue prior to May 5, 2014, Smith would be wise to consider that it is possible that the New Jersey courts may find that his judicial misconduct claim is procedurally barred, in which case statutory tolling of the one-year statute of limitations pursuant to 28 U.S.C. 2244(d)(2) would not apply during the time he pursued state court relief on his judicial misconduct claim. The Court is not addressing, at this juncture, whether equitable tolling of the one-year statute of limitations would be warranted in that circumstance.

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice and declines to issue a certificate of appealability.

Date: March 17, 2014

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

17